# UNITED STATES DISTRICT COURT
Eastern District Of Michigan

| UNITED STATES OF AMERICA | § | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
| v. | § § § § § § § | Case Number: 0645 2:16CR20388-01<br>USM Number: 54701-039<br>**Sharon A. Payne**<br>Defendant's Attorney |
| **Burney Everett** | | |

## THE DEFENDANT:

| | | |
| --- | --- | --- |
| ☒ | pleaded guilty to count(s) | 3, 5, and 9 of the Superseding Indictment |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
| --- | --- | --- |
| 18 U.S.C. § 1959(a)(3)   Assault with a Dangerous Weapon in Aid of Racketeering | 05/07/2015 | 3s |
| 18 U.S.C. § 1959(a)(3)   Assault with a Dangerous Weapon in Aid of Racketeering | 05/07/2015 | 5s |
| 18 U.S.C. § 924(c)         Discharge of a Firearm During, and in Relation to, a Crime of Violence | 05/07/2015 | 9s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 1s, 2s, 4s, 6s, 7s, 8s, and 11s ☐ is  ☒ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 11, 2017
Date of Imposition of Judgment

*/s/ David M. Lawson*
Signature of Judge

**DAVID. M. LAWSON**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

April 18, 2017
Date

19

DEFENDANT: Burney Everett
CASE NUMBER: 0645 2:16CR20388 (1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

42 months on Counts 3s and 5s, to be served concurrently, and 120 months on Count 9s, to be served consecutive to Counts 3s and 5s.

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be designated to an institution with a comprehensive drug treatment program.

While in custody, the defendant must participate in the Inmate Financial Responsibility Program (IFRP). The Court is aware of the requirements of the program and approves the payment schedule of the program and orders the defendant's compliance.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____  ☐ a.m.  ☐ p.m. on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Burney Everett
CASE NUMBER: 0645 2:16CR20388 (1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 36 months on Counts 3s, 5s, and 9s, to be served concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:         Burney Everett
CASE NUMBER:       0645 2:16CR20388 (1)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____         Date _____

DEFENDANT: Burney Everett
CASE NUMBER: 0645 2:16CR20388 (1)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol.
2. The defendant shall participate in an available program to obtain a General Educational Development certificate (GED) during the term of incarceration. If the defendant does not obtain a GED while incarcerated, the defendant shall obtain a GED during the term of supervised release.
3. The defendant shall not be a member of or associated with any group oriented in whole or in part toward criminal purpose, commonly referred to as a "gang." Defendant shall not be found in the social company of any person who defendant knows or reasonably suspects is a member of a gang. The defendant may not possess, wear or display in any manner any insignia, emblem, hat, scarf, bandana or article of clothing that is designed, arranged, or used in any way to symbolize membership in, affiliation with or approval of a gang. The defendant shall not possess, wear or display any article of clothing to which any insignia or name (including, for example, either a designer's name or symbol), which is easily discernable from a distance or more than 10 feet, when that symbol is associated with in any way with a gang. The defendant shall not at any time use any hand, body signals, or any kind of symbology associated with signifying membership in, affiliation or approval of a gang. The defendant shall not acquire any additional tattoos, body markings or piercing of any kind.
4. The defendant shall be lawfully and gainfully employed, or participating in an educational/vocational program, or a combination of both which is the equivalent of full-time employment. "Full-time" employment is defined as 40 hours per week.
5. The defendant must make monthly installment payments on any remaining balance of the restitution and special assessment at a rate and schedule recommended by the probation department and approved by the Court.
6. The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.
7. The defendant shall provide the probation officer access to any requested financial information.

DEFENDANT: Burney Everett
CASE NUMBER: 0645 2:16CR20388 (1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine   | Restitution |
|--------|-----------:|------------------|-------:|------------:|
| TOTALS | $300.00    |                  | Waived | $3,550.00   |

☐ The determination of restitution is deferred until
The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Tonya Thomas in the amount of $3,550.00. The United States Attorney's Office maintains the address for the victim identified above.

Additional defendants and/or codefendant are held joint and several including:

| Case No./defendant | Total Amount | Joint and Several Amount | Corresponding Payee |
|---|---|---|---|
| 15-20472-2 Aramis Wilson | $3,550.00 | $3,550.00 | Tonya Thomas |
| 15-20472-3 Tyrone Price | $3,500.00 | $3,550.00 | Tonya Thomas |
| 15-20472-4 Jonathan Kinchen | $3,550.00 | $3,550.00 | Tonya Thomas |
| 15-20472-5 Kojuan Lee | $3,550.00 | $3,550.00 | Tonya Thomas |
| 15-20472-7 Dion Robinson | $3,500.00 | $3,550.00 | Tonya Thomas |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution
  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision, due to the defendant's lack of financial resources.